McKinney, ‘ J.
delivered the opinion of the court.
The bill of indictment in this case, is framed upon the act of 1831, ch. 113, sec. 1, 2. It contains two counts. The first charges “that William Brown, grocery keeper, on &c. at &c., unlawfully and knowingly did permit slaves, in unusual numbers, to wit, ten or more, and at suspicious times and places, to hold an assembly on his lands and premises in said county of Maury, without being expressly authorized by the owners of such slaves, so assembled as aforesaid. The second count is in the same'words, except that the number of slaves so assembled, is not stated. The bill of indictment is signed, “Nathaniel Baxter, attorney general.” The defendant was convicted but the court arrested the judgment; and the attorney general, on behalf of the state, prayed an appeal in the nature of a writ of error to this .court. The first section of the act referred to, provides that: “All assemblages of slaves in unusual *92 numbers, or at suspicious times and places, not expressly authorized by the owners, shall be held and considered an unlawful assemblage, &c.” The second section provides, that» “Any person or persons, Who shall knowingly permit any such assemblage to be held on his or her land or premises, contrary to the provisions of the first section of this act, shall be liable to presentment or indictment; and, on conviction, be fined at the discretion of the'court.”
It is argued for the defendant, that the first section creates two offences; .that knowingly to permit an assemblage of slaves, in unusual numbers, without authority from the owners, of itself constitutes an indictable offence: and, thatto permit, an assemblage of slaves, though not in unusual numbers at a suspicious time and place, constitutes a separate and distinct offence. The objection urged against the indictment, is, that it does not, with precision and certainty, set forth either of these offence^, or rather, that it combines both in the same count. If the construction of the act contended for, was necessary to be decided in this case, still, we think the court erred in arresting the judgment. If the assemblage of slaves, in unusual numbers, be of itself an indictable offence, we cannot perceive upon what sound principle, the statement of the additional circumstance, that such assemblage was at a suspicious time and place, shall be held to vitiate the indictment. All that could be said of it would be, that a stronger case was laid in the indictment than the act requires; and the rule is, that every fact, and circumstance laid in an indictment, which is not a necessary ingredient in the offence, may be rejected as surplusage, and need not be proved on the trial. Arch. Crim. L. 43, 108.
Again, the objection for duplicity comes too late, — it should have been taken by demurrer, or motion to quash; and cannot, we incline to think, be made the subject of a motion in arrest of judgment. Arch. Crim. L. 55, 56.
*93 2. It is said the circumstances which made the time and place suspicious, should have been stated in the indictment:,. we think not. This is properly matter of evidence, and should not be alledged in the indictment. '
3. It is no objection that the attorney general did not add'the number of the district of which he was attorney general, as held at this term in The State vs. Evans.
The judgment of the circuit court arresting the judgment, is therefpre erroneous, and is reversed: and this court proceeding to render such judgment, as should have been rendered by the circuit judge on the verdict of the jury, order that he be fined five dollars, and that security be given for fine and costs.